IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ASA C. KEIL and ZACHARIAH E.      *
MCREE,                             *
                                   *
     Plaintiffs,                   *
                                   *        CV 121-170
          v.                       *
                                   *
ROBERT J. LAGROON; WILDFLOWER      *
INVESTMENTS, LLC; MICHAEL          *
BROOME; and MATTHEW BROOME,        *
                                   *
     Defendants.                   *

_____

**O R D E R**

_____

Currently pending before the Court are three motions: Defendants Robert J. Lagroon ("Lagroon") and Wildflower Investments, LLC's ("Wildflower") (collectively, the "Moving Defendants") first Motion to Dismiss (Doc. 5); the Moving Defendants' second Motion to Dismiss (Doc. 22); and the Moving Defendants' Motion to Drop Misjoined Parties (Doc. 41). For the reasons explained below, the Moving Defendants' first Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**, the Moving Defendants' second Motion to Dismiss (Doc. 22) is **GRANTED**, and the Moving Defendants' Motion to Drop Misjoined Parties (Doc. 41) is **DENIED**.

# I.  BACKGROUND

Plaintiffs bring this diversity suit for breach of contract against Defendants Lagroon, Wildflower, Michael Broome, and Matthew Broome (the "Broome Defendants").  (Am. Compl., Doc. 7-9, at 1-3.)  For ease of reading, the Court notes that Defendant Lagroon is the sole member of Defendant Wildflower and appears to control all of its operations.  (Id. at 2.)

The facts - as alleged by Plaintiffs and taken in the light most favorable to them - are confusing and seemingly incomplete but are summarized as follows.  Plaintiffs are two individuals who, in May 2017, "began paying rent to Defendant Lagroon" to live at the property located at 1216 White Oak Road, Lincolnton, Georgia (the "Property").  (Id. at 4.)  Plaintiffs later learned Defendant Lagroon did not own the Property when he began renting it to them.  (Id.)  However, on September 5, 2017, Defendant Lagroon acquired ownership of the property through a tax sale deed which was filed with the Clerk of the Superior Court of Lincoln County on November 9, 2017.[1]  (Id.; Doc. 7-1.)

---

[1] Under Georgia law, a "tax sale deed vests the purchaser with a defeasible (and, incidentally, taxable) fee interest in the property, which continues for a one-year period during which time the delinquent taxpayer or any other party holding an interest in or lien on the property may redeem the property by paying to the tax sale purchaser the purchase price plus any taxes paid and interest." DLT List, LLC v. M7ven Supportive Hous. & Dev. Grp., 779 S.E.2d 436, 438-39 (Ga. Ct. App. 2015) (citations and internal quotation marks omitted).  "[I]f no one redeems the property, all the liens and ownership interests in the property existing prior to the tax sale are swept away at the close of the year, leaving the tax-sale purchaser with clear title to the property." Id. at 439.

On March 17, 2018, Plaintiffs contracted to purchase the Property from Defendant Wildflower via an instrument entitled "Bond for Title Contract" (the "Contract"). (Am. Compl., at 4; Doc. 7-2, at 1.) Plaintiffs now allege Defendant Wildflower did not hold title to the Property, and never held title to the Property, despite signing the Contract. (Am. Compl., at 4.) Plaintiff paid a total of $64,704.00 to Defendant Wildflower through "purchase price installments" from May 2017 through May 2021, as well as property taxes totaling $9,132.61, and made improvements and repairs to the Property totaling $27,565.32. (Id.) In Spring 2021, "Plaintiffs began having discussions with Defendant Lagroon about selling the [] Property and dividing the proceeds in a manner that would get them paid back for their money in the [] Property." (Id. at 5.)

However, on June 15, 2021, this dispute began. Plaintiffs had a payment installment due, so they attempted to make "their payment as they always had for the last four years" via Zelle, an electronic payment platform. (Id.) However, "[t]he payment was rejected due to changes made by Defendant Lagroon to his account without notifying Plaintiffs." (Id.) Upon learning of the rejection, "Plaintiffs immediately corresponded with Defendant Lagroon," "sent him proof of [the rejected] payment," and explained "methods by which he could rectify the payment rejection." (Id.) Despite this, "Defendant Lagroon made no effort to rectify the

3

error caused by his Zelle account and refused to accept timely unconditional tender of the payment." (Id.)

The next day, Plaintiffs left for a two-week vacation in Alaska, although they claim they "continued to stay in constant contact and correspondence with Defendant Lagroon about the payment while away on vacation." (Id.) While Plaintiffs were away on vacation, Defendant Lagroon, making no effort to cure the mistake to his Zelle account, mailed Plaintiffs a letter of default. (Id. at 5-6.) The letter notified Plaintiffs they were in default of their obligations under the Contract as a result of nonpayment on June 15, 2021. (Doc. 7-4, at 2.) The letter further stated Plaintiffs "ha[d] three days in which to cure this default" and that if they did "not remedy this default within the allotted time, [Defendants would] take further action to protect [their] rights." (Id.)

Plaintiffs returned from their vacation in late June 2021 to find Defendant Lagroon's letter and that the locks on the Property had been changed. (Am. Compl., at 6.) On July 15, 2021, they received a notice of foreclosure (Doc. 7-5), and eventually filed suit in the Superior Court of Lincoln County, Georgia. (Am. Compl., at 6.)[2] Plaintiffs then received a notice of foreclosure of the right to redeem on October 27, 2021, and on November 8,

---

[2] The letter is dated July 1, 2021; however, Plaintiffs allege they received the letter July 15, 2021. (See Doc. 7-5, at 1; Am. Compl., at 6.)

2021, the Broome Defendants also filed suit, filing an interpleader action seeking redemption of the Property. (Id. at 6-7.) On November 11, 2021, the Moving Defendants removed this suit to this Court on diversity grounds. (Id. at 7; Doc. 1.)

In summary, the essence of Plaintiffs' claims is that Defendant "Lagroon was attempting to fraudulently manufacture a default so that he could sell the [] Property and receive all of the profits for himself after receiving four years of payments [from Plaintiffs]." (Doc. 27, at 5.) Plaintiffs therefore bring this suit, asserting twenty-two claims against the Moving Defendants, all of which presumably arise out of the same factual nucleus described above. (See Am. Compl., at 7-28.) Only Plaintiffs' first three claims and claims twelve and thirteen are asserted against all Defendants and seek declaratory judgment, breach of contract, an injunction, or a constructive trust. (Id. at 7-9, 20-21.) In sum, Plaintiffs request: (1) actual and consequential damages totaling $101,401.93; (2) litigation expenses; (3) an injunction to prevent Defendants from using or selling the Property, spending or receiving redemption proceeds, and awarding Plaintiffs a reimbursement of the property taxes they allegedly paid on the Property; (4) a constructive trust on certain assets; and (5) punitive damages. (Id. at 29.)

The Moving Defendants seek to dismiss the claims against them on various grounds, including that Plaintiffs fail to state a claim

and Plaintiffs' Amended Complaint is a shotgun pleading.   (Doc. 22.)   The Court addresses each of Plaintiffs' claims as well as the Moving Defendants' arguments for dismissal below.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint.   Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).   Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds.   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]   Id. (quoting Twombly, 550 U.S. at 570).   The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

---

[3] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the Plaintiffs.   Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

defendant is liable for the misconduct alleged." <u>Id.</u> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." <u>Id.</u> A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." <u>Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536, 1539 (11th Cir. 1991)).


### III. DISCUSSION

1. <u>First Motion to Dismiss</u>

As an initial matter, the Moving Defendants' first Motion to Dismiss is **DENIED AS MOOT** because it relates only to Plaintiffs' original Complaint, which was superseded by Plaintiffs' Amended Complaint. (Doc. 5.)

2. <u>Second Motion to Dismiss</u>

The Moving Defendants seek dismissal of Plaintiffs' Amended Complaint for numerous reasons. (Doc. 22.) Their two main arguments are that Plaintiffs have failed to state a claim against them upon which relief may be granted, and Plaintiffs have failed to allege fraud or mistake with sufficient particularity. (<u>Id.</u> at 1.) The Court addresses the more specific arguments below on a claim by claim basis.

a. *Declaratory Judgment to Invalidate Contract*

First, Plaintiffs bring a claim for declaratory and injunctive relief as to the notice of foreclosure and right to redeem. (Am. Compl., at 7-8.) The Moving Defendants argue Plaintiffs cannot invalidate the Contract with a declaratory judgment. (Doc. 22-1, at 4-6.) They argue there was in fact a valid contract, Plaintiffs have the right to rescind it and bring a suit for damages, and therefore, a declaratory judgment is unnecessary. (<u>Id.</u> (citing <u>Fedorov v. Bd. of Regents for Univ. of Ga.</u>, 194 F. Supp. 2d 1378, 1387 (S.D. Ga. 2002) (finding declaratory judgment inappropriate because it is only to be used for actual controversies that have not reached the stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so)).) In response, Plaintiffs assert the Contract fails for lack of consideration because the Moving Defendants do not own the

Property.    (Doc.  27,  at  6-7.)    They  believe  this  lack  of consideration gives rise to the presumption of fraud and sets aside the Contract.   (Id. at 7.)

The  Declaratory  Judgment  Act  provides  that,  "[i]n  a  case  of actual  controversy  within  its  jurisdiction,  .  .  .  any  court  of the  United  States,  upon  the  filing  of  an  appropriate  pleading,  may declare  the  rights  and  other  legal  relations  of  any  interested party  seeking  such  declaration,  whether  or  not  further  relief  is or  could  be  sought."   28  U.S.C.  §  2201(a).   "For  a  controversy  to exist,  the  facts  alleged,  under  all  the  circumstances,  must  show that  there  is  a  substantial  controversy,  between  parties  having adverse  legal  interests,  of  sufficient  immediacy  and  reality  to warrant  the  issuance  of  a  declaratory  judgment."   Bitco Gen. Ins. Co. v. Kelluem,  No.  1:16-cv-168,  2017  WL  5244803,  at  *2  (S.D.  Ga. May  4,  2017)  (internal  quotations  and  citations  omitted).    The Court  must  remain  cognizant,  however,  that  "the  purpose  of declaratory  judgment  actions  .  .  .  is  to  resolve  outstanding controversies  without  forcing  a  putative  defendant  to  wait  to  see if  it  will  be  subjected  to  suit."   Sherwin-Williams Co. v. Holmes Cnty.,  343  F.3d  383,  398  n.8  (5th  Cir.  2003).    Accordingly,  even if  the  maturation  of  the  controversy  depends  on  future contingencies,  courts  still  have  discretion  to  entertain declaratory  judgment  actions.   See GTE Directories Publ'g Corp. v. Trimen Am., Inc.,  67  F.3d  1563,  1569  (11th  Cir.  1995)  ("That  the

9

liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action. Rather, the practical likelihood that the contingencies will occur and that the controversy is a real one should be decisive in determining whether an actual controversy exists." (internal quotations and citations omitted)). Indeed, "[n]o bright line rule exists for distinguishing between declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." Owners Ins. Co. v. Parsons, 610 F. App'x 895, 898 (11th Cir. 2015) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007)); but see Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330-31 (11th Cir. 2005) (providing list of factors for federal courts to consider in deciding whether to abstain from declaratory judgment action in favor of parallel litigation in state court). However, as the Moving Defendants point out:

> A declaratory judgment gives a means by which rights and obligation may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so.

(Doc. 22-1, at 5 (quoting Fedorov, 194 F. Supp. 2d at 1387).) Therefore, the Court will first turn to whether there was a valid contract because if there was, a declaratory judgment is not the proper means for relief at this time as Plaintiffs can instead seek a coercive remedy.

"Georgia law requires four foundational elements for the formation of a valid contract: (1) parties able to contract, (2) consideration, (3) definitive subject matter, and (4) the assent of the parties to the terms of the contract." APAC-Southeast, Inc. v. Coastal Caisson Corp., 514 F. Supp. 2d 1373, 1380 (N.D. Ga. 2007) (citations and quotation marks omitted). "[T]he statute of frauds requires that a contract for the sale of an interest in lands shall be in writing, and any modification of a written contract required by law to be in writing must also be in writing in order to be valid." Ogburn v. Chase Home Fin. LLC, No. 1:11-cv-1856, 2011 WL 5599150, at *2 (N.D. Ga. Nov. 16, 2011) (quoting Jarman v. Westbrook, 67 S.E. 403 (Ga. 1910)). "To satisfy the Statute of Frauds, a contract for the sale of land must be in writing and must provide a sufficiently definite description of the property to be sold." McClung v. Atlanta Real Estate Acquisitions, LLC, 639 S.E.2d 331, 334 (Ga. Ct. App. 2006) (citations omitted and alterations adopted). Plaintiffs argue the Contract fails for lack of consideration because the Moving Defendants did not own the Property. (Doc. 27, at 6-7.) Plaintiffs argue that since the Moving Defendants did not give consideration for their part of the Contract, they exchanged nothing for Plaintiffs' promises to pay money and this lack of consideration invalidates the Contract from the beginning. (Id.

at 7.)  The other elements required for a valid contract do not appear to be in dispute.

"Mutual promises to perform are sufficient consideration to support a contract in Georgia." Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1583 (11th Cir. 1994) (citations omitted); see also West v. Bowser, No. A21A0055, 2022 WL 3571458, at *2 (Ga. Ct. App. Aug. 19, 2022) ("Under Georgia law, mutual promises and obligations are sufficient consideration to support a contract." (citations omitted)).  The Contract between the Parties states Plaintiffs shall pay consideration of $208,400.00, made in installments of $1,348.00 payable on the 15th day of each month and continuing for 24 years and 1 month.  (Doc. 7-2, at 1.)  In exchange, the Moving Defendants provided Plaintiffs possession of the Property.[4]  (Id. at 2.)  The possession of the Property in exchange for the monthly payments constitutes consideration; therefore, there was a valid contract between the Parties.  As Georgia law states, even if consideration is wholly inadequate, "in the absence of great disparity of mental ability in contracting a bargain, a contract cannot be set aside for inadequate consideration." Sims v. Bayside Cap., Inc., 755 S.E.2d 520, 523 (Ga. Ct. App. 2014) (citations and quotation marks omitted); see also Pacific Nat. Fire Ins. Co. v. Beavers, 73 S.E.2d

---

[4] The Court finds it important to point out that the Contract did not call for the Moving Defendants to deliver clear title for the Property - they only agreed to deliver possession.

12

765, 300-01 (Ga. Ct. App. 1952) ("[G]reat inadequacy of consideration is a strong circumstance[] to evidence fraud, but inadequacy of consideration alone will not void a contract."). Therefore, even though the Moving Defendants misrepresented the nature of their interest in the Property, the contract was still valid.  Based on this finding, the Court will now analyze whether a declaratory judgment is proper.

The Declaratory Judgment Act "permits actual controversies to be settled before they ripen into violations of law or a breach of contractual duty." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2751 (3d. ed. 1998).  In this case, the Court finds the existence of a valid contract which means Plaintiffs have the ability to bring a claim for breach of contract; therefore, declaratory judgment is improper under the circumstances and Plaintiffs' claims for declaratory and injunctive relief as to the notice of foreclosure of the right to redeem are dismissed.

b. *Declaratory Judgment under O.C.G.A. § 9-4-2(a)(2)*

Next, Plaintiffs bring a claim under Georgia's Declaratory Judgment Act for a declaration that the Sales Contract is invalid. (Am. Compl., at 8-9.)  The Moving Defendants argue Georgia's Declaratory Judgment Act is inapplicable because if this Court were to entertain a declaratory judgment claim, it would be under federal law, not Georgia law, and Plaintiffs are not entitled to

13

any relief under the federal Declaratory Judgment Act. (Doc. 22-1, at 9-10.)

"The Declaratory Judgment Act is procedural in nature and is not an independent basis for federal jurisdiction." Townhouses of Highland Beach Condo. Ass'n, Inc. v. QBE Ins. Corp., 504 F. Supp. 2d 1307, 1309 (S.D. Fla. 2007) (citations omitted). Therefore, "[i]n diversity cases seeking declaratory relief, the federal court applies state law on the substantive issues presented in the declaratory judgment action." Id. at 1309-10 (citations omitted). However, "federal law determines whether a federal court can and may properly render a declaratory judgment." Id. (citation omitted). Since the Declaratory Judgment Act is procedural in nature, the federal courts apply it when determining declaratory relief.

Based on the foregoing, the Court cannot grant relief under Georgia's Declaratory Judgment Act, and Plaintiffs do not seem to dispute this, as they did not respond to the Moving Defendants' argument about this. (See Doc. 27, at 9-10.) Nevertheless, Plaintiffs argue they have the right to have their declaratory relief heard and have the Court determine whether the Contract is valid and who should have received the proceeds from the redemption of the Property. (Id. at 10.) Still, Plaintiffs' claim for declaratory judgment falls under the federal Declaratory Judgment

14

Act and for the reasons stated above, Plaintiffs are not entitled to declaratory relief and this claim is dismissed.

    c. *Breach of Contract*

  Next, Plaintiffs bring an alternative claim for breach of contract if the Contract is found to be valid. (Am. Compl., at 9.) They argue the Moving Defendants' failure to accept the ordinary custom of tendered payments on June 15, 2021 breached the Contract. (Doc. 27, at 8.) The Moving Defendants move to dismiss this claim, arguing the Contract's merger clause bars Plaintiffs' claim. (Doc. 22-1, at 10-11.) In response, Plaintiffs argue under Georgia law the mutual conduct of the parties may modify a contract and therefore waive written requirements set forth therein. (Doc. 27, at 9 (citing Hanham v. Access Mgmt. Grp. L.P., 825 S.E.2d 217, 221 (2019)).)

  "[P]arties may modify a contract through course of conduct, and such modifications are *prohibited only where the law or contract specifically states otherwise.*" Hanham, 825 S.E.2d at 220 (emphasis added). While true the mutual conduct of the Parties may modify a contract, the explicit terms of this Contract state otherwise. It provides "[n]o . . . custom or practice of the parties at variance with the terms hereof shall constitute a waiver of [the Moving Defendants'] right to demand exact compliance with the terms hereof." (Doc. 7-2, at 3-4.) This language explicitly allows the Moving Defendants to seek payment via the Contract's

original terms even if the Parties have developed a custom or policy different than those terms. The original terms of the Contract call for payments to be made on the 15th of each month and that all correspondence shall be forwarded to: Wildflower Investments LLC, 791 SC Highway 7, McCormick, SC 29835. (Doc. 7-2, at 1-2.) Although the Parties had used Zelle successfully to complete payments for an extended period of time, the Contract calls for "correspondence" to be mailed. Georgia law does require strict compliance with termination provisions that result in a forfeiture of real property rights; however, there was no termination provision in this Contract that would require any different course of action than the Moving Defendants took in this instance. See In re Clubhouse Invs., Inc., 451 B.R. 626, 634 (S.D. Ga. 2010).

Based on the foregoing, the Moving Defendants had the right to demand payments at any point pursuant to the terms of the Contract. The Moving Defendants did not breach the contract by failing to accept payment via Zelle and Plaintiffs have failed to allege any other breach of contract; consequently, this claim shall be dismissed.

### d. Negligent Misrepresentation

Next, Plaintiffs bring a claim for negligent misrepresentation, claiming the Moving Defendants provided them false and misleading information. (Am. Compl., at 9-10.)

Specifically, they argue Defendant Lagroon rented the Property knowing he did not have full title and then entered into the Contract with Plaintiffs for sale of the Property knowing Defendant Wildflower did not own the Property. (Id.)  The Moving Defendants argue this claim fails because it does not meet the heightened pleading standard for fraud under Rule 9(b).  (Doc. 22-1, at 12.)

"[T]o state a claim for negligent misrepresentation, the plaintiff must allege facts showing that (1) the defendant negligently provided false information to foreseeable persons, known or unknown, including the plaintiff; (2) the plaintiff reasonably relied on this false information; and (3) the plaintiff's reliance proximately caused an economic injury." Shea v. Best Buy Homes, LLC, 533 F. Supp. 3d 1321, 1339 (N.D. Ga. 2021) (citations omitted).  "As the Georgia courts have recognized, the reasonable reliance that is required to state a negligent misrepresentation claim is equivalent to that needed in the fraud context." Id. (citing Next Century Commc'ns Corp. v. Ellis, 318 F.3d 1023, 1030 (11th Cir. 2003)).  The heightened pleading standards of Rule 9(b) do not apply for negligent misrepresentation claims; otherwise, the same principles are typically applied for the two claims.  Shea, 533 F. Supp. 3d at 1339-40.  "[T]he only real distinction between negligent misrepresentation and fraud is the absence of the element of knowledge of the falsity of the information disclosed." Id. at 1339 (citation omitted).

While the heightened pleading requirements of Rule 9(b) are not necessary for this claim, the Court still finds dismissal proper because Plaintiffs failed to allege they suffered an economic injury as a result of the Moving Defendants misrepresenting the nature of their interest in the Property. Instead, the economic injury Plaintiffs claim is a result of the Moving Defendants reclaiming the Property through foreclosure after Plaintiffs failed to successfully make the June 2021 payment. The Moving Defendants taking back the Property after Plaintiffs' alleged default has nothing to do with the misrepresentation of the ownership interest at the time the Parties executed the Contract. Likewise, when Plaintiffs paid rent before the Moving Defendants actually acquired the Property by tax sale deed, they suffered no damages and lived in the Property without issue. (See Doc. 22-1, at 12-13.)  As the Moving Defendants correctly point out, had Defendant Lagroon failed to ever acquire the Property then this case would be entirely different; however, those are not the facts before the Court and Plaintiffs have not suffered any economic injury due to Defendant Lagroon failing to reveal he did not own the Property when Plaintiffs began to rent or upon execution of the Contract. (See id.)  Based on this, Plaintiffs have failed to state a claim for negligent misrepresentation and this claim is dismissed.

      e. *Fraud and Deceit*

Plaintiffs also bring a claim of fraud and deceit, again arguing the Moving Defendants entered into the Contract knowing they did not own the Property, never had an intention of honoring the Contract and intended to deceive Plaintiffs, and Plaintiffs, not knowing they would not honor their obligations, reasonably relied on their representations, statements, and assertions. (Am. Compl., at 11-12.)    Plaintiffs argue the Moving Defendants' actions, representations, statements, and assertions were the proximate and direct result of their damages, and the Moving Defendants acted with a conscious indifference to the consequences of their actions.  (Id. at 12-13.)   The Moving Defendants argue all of Plaintiffs' fraud claims fail because they were not pled with specificity, and Plaintiffs cannot show justifiable reliance or scienter.  (Doc. 22-1, at 11-15.)   Plaintiffs counterargue they have set forth numerous facts to support the elements of fraud, misrepresentation, omissions, conduct, justifiable reliance, and amounts gained.  (Doc. 27, at 10-17.)

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Bowden v. Med. Ctr., Inc., 845 S.E.2d 555, 563 n.10 (Ga. 2020) (citation omitted).  A plaintiff is required to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).  The Eleventh Circuit has consistently

held that compliance with Rule 9(b) requires a complaint to set forth the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Kabir v. Statebridge, Co., No. 1:11-cv-2747, 2011 WL 4500050, at *6 (citing Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010); Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)). The Moving Defendants argue "Plaintiffs' [C]omplaint is devoid of allegations sufficient to satisfy Rule 9(b)'s heightened pleading standard." (Doc. 22-1, at 12.) Further, they argue "Plaintiffs cannot assert that they suffered any damage whatsoever, nor can they assert a justifiable reliance." (Id.) The Court agrees with the Moving Defendants.

As explained for the negligent misrepresentation claim, Plaintiffs have failed to allege they suffered an economic injury as a result of the Moving Defendants misrepresenting the nature of their interest in the Property. They seek recovery of at least $101,401.93; however, they fail to allege how that number was caused by the Moving Defendants failing to reveal their interest in the Property. Therefore, this claim, too, shall be dismissed.

Out of an abundance of caution, the Court will also address the Moving Defendants' argument regarding justifiable reliance. They argue Plaintiffs "cannot show justifiable reliance where the alleged misrepresentation concerns a matter of public record that is readily ascertainable upon inquiry." (Doc. 22-1, at 13 (quoting BPP069, LLC v. Lindfield Holdings, LLC, 816 S.E.2d 755, 762 (Ga. Ct. App. 2018)).)   To prove justifiable reliance, a party must show he exercised due diligence.   Martin v. Ctr. Pointe Invs., Inc., 712 S.E.2d 638, 641 (Ga. Ct. App. 2011).   Generally, a plaintiff has a duty to exercise due diligence and "cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter." Fowler v. Overby, 478 S.E.2d 919, 921 (Ga. Ct. App. 1996) (citations omitted).   "While questions of due diligence often must be resolved by the trier of fact, that is not always the case. One may fail to exercise due diligence as a matter of law." Id. (citations omitted).   Here, the Court finds, as a matter of law, Plaintiffs have not alleged any due diligence they exercised to ensure the Moving Defendants actually owned the Property.   Property ownership is a matter of public record, and Plaintiffs easily could have investigated the Moving Defendants' representations; however, since they did not, they did not exercise due diligence and cannot prove justifiable reliance as required for this claim.

As a last resort, Plaintiffs try to argue this case is "almost identical" to <u>Golden Atlanta Site Dev., Inc. v. R. Nahai & Sons, Inc.</u>, 683 S.E.2d 627 (Ga. Ct. App. 2009) and that the Moving Defendants' fraud was complete when the Contract was executed thereby creating an actionable claim. (Doc. 36, at 6-8.) The Court does not find these cases comparable because in <u>Golden Atlanta</u>, the parties did not own the property at all and absconded with the contracting party's earnest money with no intention to move forward. However, under the present facts, one of the Moving Defendants owned the property, misrepresented the nature of their interest, but delivered their promise to Plaintiffs by providing them with possession of the Property. Although it turns out Defendant Lagroon only had a defeasible interest in the Property, that does not make the Moving Defendants' actions equal to the parties in <u>Golden Atlanta</u>. Therefore, that case is not applicable and Plaintiffs' claim for fraud and deceit is still due to be dismissed.

f. *Fraudulent Inducement to Contract*

For a claim of fraudulent inducement, Plaintiffs must allege "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." <u>Denim N. Am. Holdings, LLC v. Swift Textiles, LLC</u>, 816 F. Supp. 2d 1308, 1320 (M.D. Ga. 2011) (quoting <u>Argentum Int'l, LLC v. Woods</u>,

634 S.E.2d 195, 200 (Ga. Ct. App. 2006)).  For the same reasons stated above, Plaintiffs have failed to allege a justifiable reliance or damages as a result of the Moving Defendants' false representation.  Therefore, this claim shall also be dismissed.

g. *Fraudulent Misrepresentation*

Similarly, to state a claim for fraudulent misrepresentation, Plaintiffs must allege: "(1) that the defendant made representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." Bacote v. Wyckoff, 310 S.E.2d 520, 523 (Ga. 1984).  Once again, this claim fails because Plaintiffs did not allege loss or damages they suffered as a result of the Moving Defendants' defeasible interest in the Property.  Therefore, this claim shall be dismissed.

h. *Fraudulent Concealment*

"A buyer who alleges fraudulent concealment must prove [the] same five elements [as fraud], including, as a factor of justifiable reliance, that he or she could not have discovered the alleged defect in the exercise of due diligence." Meyer v. Waite, 606 S.E.2d 16, 20 (Ga. Ct. App. 2004) (citation omitted).  Having already established Plaintiffs did not sufficiently allege their

claim of fraud, their claim for fraudulent concealment is also dismissed.

### i. *Constructive Fraud*

Constructive fraud requires the same elements as actual fraud except a plaintiff is not required to show scienter.  See <u>Lady Deborah's Inc. v. VT Griffin Servs., Inc.</u>, No. 2:07-cv-079, 2008 WL 11417619, at *7 (S.D. Ga. Mar. 5, 2008) (citations omitted). This claim fails for the same reasons as the above claim for fraud and deceit; accordingly, this claim is dismissed.

### j. *Conversion*

Plaintiffs also bring a claim for conversion, asserting the Moving Defendants took their money without an intention to honor the Contract and now have converted the Property to personal use. (Am. Compl., at 19-20.)  The Moving Defendants seek to dismiss the claim because "any claim for conversion of money is really just a claim for damages, cast in a different light."  (Doc. 22-1, at 21.)  They also argue conversion is not possible for recovery of real property.  (<u>Id.</u>)  In response, Plaintiffs argue that since the Moving Defendants never had vested title to the Property, they could not seek repossession from Plaintiffs while they were in Alaska, Plaintiffs never recovered their tangible personal property, and they are entitled to pursue this claim.  (Doc. 27, at 20.)

Under Georgia law, Plaintiffs must allege: "(1) that the plaintiff have title or right of possession to the property in question, (2) that the defendant have actual possession of the property, (3) that the plaintiff demand for the property to be returned, and (4) that the defendant refuse to return the property." Club Car, Inc. v. Club Car (Quebec) Import, Inc., 276 F. Supp. 2d 1276, 1295 (S.D. Ga. 2003) (citation omitted). As the facts provide, the Moving Defendants considered Plaintiffs to be in default after not receiving the June payment and took back the Property along with everything inside of it. Plaintiffs argue that since the Moving Defendants did not have vested title, they could not take possession from Plaintiffs. (Doc. 27, at 20.) However, regardless of the Moving Defendants' right to take possession, Plaintiffs failed to allege they had title or the right of possession to the Property, and therefore, this claim shall be dismissed.

As to Plaintiffs' attempt to recover for the payments they had already made towards the Property, "money is not a type of property that is [typically] subject to an action for conversion." City of Atlanta v. Hotels.com, L.P., 775 S.E.2d 276, 279 (Ga. Ct. App. 2015) (citations omitted). Here, Plaintiffs are seeking to recover an amount of money generally, which is equivalent to seeking damages for their claims; therefore, this is not the type of claim conversion was intended for and this claim fails. See

id. ("Where a plaintiff is not seeking to recover some specific money, but instead seeks to recover a certain amount of money generally, it is not such a case for which a cause of action for conversion was intended." (alterations adopted and citations omitted).).   Therefore, their claim of conversion as to the requested money is also dismissed.

   k. *Unjust Enrichment*, *Constructive Trust*, *Interlocutory and Permanent Injunction*, *Equity under O.C.G.A. § 23-2-2*, *Accident and Mistake Equity under O.C.G.A. § 23-2-20, et seq.*, *Equitable Relief from Fraud under O.C.G.A. § 23-2-50-23-2-54, 23-2-56, and 23-2-60*, *Equitable Relief from Nonperformance of Contract under O.C.G.A. § 23-2-130, et seq.*, *Equitable Relief from Improper Attempt to Exercise Power of Sale under O.C.G.A. § 23-2-114*

  Through each of these claims, Plaintiffs seeks an equitable remedy.   (Am. Compl., at 11, 20-25.)   The Moving Defendants move to dismiss these claims, arguing they are shotgun pleadings and have no factual support.   (Doc. 22-1, at 15-18.)   They argue each of these claims contains the same allegations, asserting the Moving "Defendants entered into a contract for property they did not own, failed to accept timely tender of a payment, manufactured a scheme to create a default of the [] Contract, performed a self-help eviction, and attempted a fraudulent foreclosure."   (Id. at 16 (quoting Am. Compl. ¶¶ 84, 93, 103, 112, 132, 138, 142, 146, 150, 179).)   The Moving Defendants assert Plaintiffs' equitable claims

have no supporting facts, but rather contain threadbare recitals of law with circular reasoning. (Id.) Plaintiffs argue that since the Contract was void from the beginning, there is no remedy at law and their remedies sound in equity. (Doc. 27, at 18.)

The Court found the Contract was not void from the beginning; therefore, Plaintiffs' line of argument fails. "The Georgia Supreme Court has concluded that 'equitable relief is improper if the complainant has a remedy at law which is adequate, i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.'" Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc., 14 F.3d 1507, 1518 (11th Cir. 1994) (quoting Mayor of Wadley v. Hall, 410 S.E.2d 105, 106 (Ga. 1991)); see also Stewart v. Walton, 326 S.E.2d 738, 739 (Ga. 1985) ("Equity will grant relief only where there is no available adequate and complete remedy at law."). In this case, Plaintiffs had numerous remedies at law based on the valid Contract; therefore, Plaintiffs were able to seek their remedies at law and are not entitled to equitable relief. Furthermore, almost all of Plaintiffs' claims for equitable relief are based on fraud and the Court already found Plaintiffs' fraud claims failed as a matter of law for failing to allege the required elements. Based on the foregoing, Plaintiffs' claims for equitable relief are all dismissed.

1. *Wrongful Eviction, Wrongful Foreclosure, and Trespass*

Next, Plaintiffs bring claims for wrongful eviction, wrongful foreclosure, and trespass, arguing they were entitled to possession of the Property and were wrongfully evicted by the Moving Defendants. (Am. Compl., at 25-28.) Furthermore, the Moving Defendants entered the Property, disposed of Plaintiffs' possessions, and locked them out. (Id.) The Moving Defendants move to dismiss these claims, arguing Plaintiffs had vacated the Property, as shown by the forwarding address on their mail; therefore, they argue they had a right of entry to the vacant premises after Plaintiffs failed to pay the purchase money required by the Contract. (Doc. 22-1, at 18-19.) In response, Plaintiffs argue the Moving Defendants did not have legal title and could not evict or foreclose on Plaintiffs. (Doc. 27, at 18-20.)

Essentially, Plaintiffs seek damages for being kicked out of the Property. However, since the Court already determined the Contract was valid, the facts show Plaintiff failed to comply with the Contract by not making their June payment and so their right to possession of the Property was revoked. Regardless of the status of the Moving Defendants' interest in the Property, Plaintiffs lost their right to possess it by failing to pay. Plaintiffs therefore have no claims against the Moving Defendants for taking possession of the Property. If the Moving Defendants in fact are not legally entitled to possession of the Property,

Plaintiffs are not the proper party to raise that issue in court. Based on the foregoing, these three claims are dismissed.

m. *Bad Faith Claim for Attorney's Fees and Expenses*

Finally, Plaintiffs bring a claim alleging the Moving Defendants acting in bad faith, were stubbornly litigious, and caused them unnecessary trouble and expense. (Am. Compl., at 28.) The Moving Defendants move to dismiss this claim because it is derivative and argue that if all other claims fail, punitive damages are not recoverable. (Doc. 22-1, at 21-22.)

"[A]wards of punitive damages and attorney fees are derivative of underlying claims, where those claims fail, claims for punitive damages and attorneys fees also fail." Popham v. Landmark Am. Ins. Co., 798 S.E.2d 257, 264 (Ga. Ct. App. 2017) (citations omitted); see also Duffy v. Landings Ass'n Inc., 563 S.E.2d 174, 177 (Ga. Ct. App. 2002) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim."). Because all of Plaintiffs' claims fail, they are not entitled to recovery for bad faith and this claim shall also be dismissed.

n. *Conclusion*

Based on all of the foregoing, Plaintiffs have failed to state a claim for any of their twenty-two causes of actions against the Moving Defendants and Plaintiffs' Amended Complaint shall be **DISMISSED** against the Moving Defendants.

### 3. Motion to Drop Misjoined Parties

The Moving Defendants also move this Court to drop the Broome Defendants as parties to this action and/or sever their claims into a separate action pursuant to Federal Rule of Civil Procedure 21. (Doc. 41, at 1.)  They argue the Amended Complaint asserts no claims against the Broome Defendants, and they were added for the sole purpose of asserting a cross-claim against Defendant Lagroon. (Id.)  Further, they argue joinder was improper under Rule 20. (Id. at 5.)

Plaintiffs as well as the Broome Defendants oppose this motion, arguing the Broome Defendants were properly joined under Rule 20 because all claims arise out of the same transaction and involve common questions of law and fact.  (See Docs. 42, 43.) The Court agrees and finds that Plaintiffs did in fact assert claims against the Broome Defendants in their Amended Complaint and joinder of them was permissive under Rule 20.  (See Am. Compl., at 8-9, 20-21.)  All of the claims and crossclaims arise out of the same occurrence and involve the same Property; in fact, the Broome Defendants offer way more background information and insight about the Property dealings than Plaintiffs provided in their Amended Complaint and will be beneficial in resolving this property dispute in the long run.  Accordingly, the Court finds the Moving Defendants' argument for misjoinder unconvincing and that these are all proper Parties to the action.  Based on this

finding, the Moving Defendants' Motion to Drop Misjoined Parties is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Moving Defendants' first Motion to Dismiss (Doc. 5) is **DENIED AS MOOT**, their second Motion to Dismiss (Doc. 22) is **GRANTED**, and their Motion to Drop Misjoined Parties (Doc. 41) is **DENIED**.   All of Plaintiffs' claims are **DISMISSED** against the Moving Defendants and claims one, two, three, twelve, and thirteen remain pending against the Broome Defendants.

**ORDER   ENTERED** at Augusta, Georgia, this 28th day of September, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA