IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  |
|---|---|---|
| ASA C. KEIL and ZACHARIAH E. MCREE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 121-170 |
| MICHAEL BROOME and MATTHEW BROOME, | ) ) ) ) | |
| Defendants/Crossclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ROBERT J. LAGROON and WILDFLOWER INVESTMENTS, LLC., | ) ) ) | |
| Crossclaim Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court **REPORTS** and **RECOMMENDS** Defendants/Crossclaim Plaintiffs' motion for leave to amend their answer be **GRANTED**, (doc. nos. 56, 57), and this case be **REMANDED** to the Superior Court of Lincoln County, Georgia.

Detailed knowledge of the factual and procedural history is presumed. At its core, this case involves a convoluted series of events that resulted in competing claims to ownership of a house and acreage in Lincoln County, Georgia during the period of 2017 to 2021. (See doc. no. 7.) The original dispute concerned the proper owner of the property and the rightful recipient of amounts paid by Plaintiffs while they lived in the house. (Id.)

Defendants/Crossclaim Plaintiffs Michael and Mathew Broome ("the Broomes") now own the property and seek leave to add claims concerning damage to the house that allegedly occurred during the contested period. (Doc. nos. 56, 57.) The Broomes claim Plaintiffs are liable for the damage because they lived in the house, and claim Defendants Robert Lagroon and Wildflower Investments, LLC (collectively "Wildflower") are liable because they allowed Plaintiffs to live in the house pursuant to a contract. (See id.) The Broomes seek to add Kelly Sue Barnett, claiming she is liable here too because, as Mr. Lagroon testified by affidavit, Ms. Barnett claimed ownership of the property and "turned over management" to Wildflower, which contracted with Plaintiffs to live in the house. (Doc. no. 29-2, Lagroon Aff., ¶¶ 3-5.)

Granting leave to add the property damage claims under Federal Rule of Civil Procedure 15(a)(2) is proper because the motion is timely under the Scheduling Order and there is no undue delay, bad faith or dilatory motives, prejudice to the opposing parties, or futility. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (*quoting* Foman, 371 U.S. at 182). Permissive joinder of Ms. Barnett is proper under Federal Rule of Civil Procedure 20 because the property damage claims arise out of the same series of transactions or occurrences as the original claims, and there are common questions of law and fact. Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (*citing* Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*)).

Because adding Ms. Barnett will destroy diversity jurisdiction and require remand, the Court must also consider the following:

> Although in most cases a plaintiff is liberally allowed to join a new defendant, in an instance where the amended pleading would name a new non-

>  diverse defendant in a removed case, the district court should more closely scrutinize the pleading and be hesitant to allow the new non-diverse defendant to join. See Hensgens, 833 F.2d at 1182. In so scrutinizing the pleading, the district court should use its discretion in deciding whether to allow that party to be added by balancing "the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." Id. The equitable balance is guided by four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations.

Reyes v. BJ's Restaurants, Inc., 774 F. App'x 514, 517 (11th Cir. 2019).

When balancing these four factors, the Court finds the interest in avoiding parallel litigation outweighs the intertest in maintaining the federal forum.  First, the Court finds no improper motive.  Wildflower asserts the request to add Ms. Barnett is a fraudulent attempt to deprive the Court of jurisdiction.  This is unconvincing, however, because the basis for adding Ms. Barnett is the plain language of Mr. Lagroon's own affidavit, wherein he avers Ms. Barnett claimed ownership of the house and gave him authority to execute the contract with Plaintiffs that led to their inhabitance and the alleged property damage.  Second, the request to amend is timely under the Scheduling Order.  Third, the Court cannot find the Broomes will be "significantly injured" if Ms. Barnett's addition is disallowed, but this is the only factor weighing against joinder and remand.  Fourth, it is senseless to split the case in two and require litigation of the claim against Ms. Barnett in a state forum.  One court should adjudicate all claims regarding the property.  The efficiency lost by remand will be quickly surmounted by the efficiency of having the entire dispute, with all its interrelated facts and legal issues, decided by one court.

For these reasons, the Court **REPORTS** and **RECOMMENDS** Defendants/Crossclaim Plaintiffs' motion for leave to amend their answer to add claims and a

3

third-party defendant, (doc. nos. 56, 57), be **GRANTED**, and this case be **REMANDED** to the Superior Court of Lincoln County, Georgia.

Finally, comparison of the lengthy docket with the available property records suggests the cost of this litigation threatens to exceed the property value. The Court is available to conduct a mediation if all parties agree it is time for such effort and promptly notify the Court by email to Courtnay_Capps@gas.uscourts.gov prior to expiration of the deadline for submitting objections to this Report and Recommendation. If such request is made, the Court will stay the case pending mediation.

SO REPORTED and RECOMMENDED this 28th day of December, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA