```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

ASA C. KEIL and ZACHARIAH E. )
MCREE, )
 )
      Plaintiffs, )
 )
v. ) CV 121-170
 )
MICHAEL BROOME and MATTHEW )
BROOME, )
 )
      Defendants/Crossclaim )
      Plaintiffs, )
 )
v. )
 )
ROBERT J. LAGROON and )
WILDFLOWER INVESTMENTS, LLC., )
 )
      Crossclaim Defendants. )

# ORDER

The Magistrate Judge's Report and Recommendation and a few other motions are pending before the Court. The Court addresses these motions below.

### I. MOTION TO ALTER OR AMEND

First, the Court addresses Plaintiffs' motion to alter or amend the Court's September 28, 2022 Order (Doc. 49). (Doc. 55.) In this motion, Plaintiffs request the Court reconsider its prior decision pursuant to Federal Rule of Civil Procedure 59(e). (Id. at 1.) Crossclaim Defendants Robert J. Lagroon and Wildflower Investments, LLC (collectively, the "Crossclaim Defendants")

responded in opposition (Doc. 59), and Plaintiffs replied in support of their motion (Doc. 62).

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing

2

nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiffs specify they bring their motion under Rule 59(e). (Doc. 55, at 1.) Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted). Plaintiffs argue the Court needs to correct clear and obvious error because it misinterpreted the law as argued by Plaintiffs and the facts as set forth by the Parties. (Doc. 55, at 1.)

As explained by Plaintiffs' own characterization of their motion, they are simply arguing the Court's decision misinterpreted the law and the facts, and they put forth no new

3

arguments in making these assertions. (See id.) In essence, Plaintiffs are asking the Court to reconsider its prior decision simply by making the same arguments they made in their previous filings, and they put forth nothing new aside from ripping up the Court's analysis and telling it everything it decided in its September 28, 2022 Order was incorrect. A motion to alter or amend "is not an appeal" and because of that, it is improper to use to this kind of motion "to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1. Plaintiffs' motion is doing just that – it is asking the Court to rethink what it already determined. The arguments Plaintiffs set forth in their motion are arguments that are properly raised on appeal and not arguments that should be brought before this Court again as it has already determined they are without merit. Based on this, the Court finds no proper basis to alter or amend its prior Order; thus, Plaintiffs' motion to alter or amend (Doc. 55) is **DENIED**.

## II. MAGISTRATATE JUDGE'S REPORT AND RECOMMENDATION

Next, the Court turns to the Magistrate Judge's Report and Recommendation. (Doc. 64.) After a careful *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections and responses to the objections have been filed. (Docs. 66, 67, 68, 69.) Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate

Judge as its opinion, **GRANTS** Defendants/Crossclaim Plaintiffs' motion to add a non-diverse party, (Docs. 56, 57), **DENIES** Plaintiffs' motion to amend/correct and motion to continue taxation of costs, (Docs. 52, 55), **REMANDS** to the Superior Court of Lincoln County, Georgia. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines and **CLOSE** this civil action.

**SO ORDERED** this 31st day of March, 2023, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA